## MUNICIPAL GAS CO. v. CITY OF SHERMAN.

### No. 11778.

Court of Civil Appeals of Texas. Dallas. Nov. 23, 1935.

Rehearing Denied Dec. 21, 1935.

Roy C. Coffee, Marshall Newcomb, and Warren J. Collins, all of Dallas, and Hay, Finley, Wolfe & Barron, of Sherman, for appellant.

George L. Hamilton, of Sherman, and Cunningham & Lipscomb, of Bonham, for appellee.

BOND, Justice.

This suit was brought by the city of Sherman, a home rule city, operating under the provisions of section 5, article 11, of the Constitution of Texas, and article 1165 et seq., Revised Statutes of Texas. The purpose of the suit is for the collection of statutory penalties provided for in article 1122, for alleged willful failure and refusal by appellant to file with it the reports required by article 1121, during the years 1931, 1932, and 1933. The suit is grounded entirely on the aforesaid statutes.

Article 1121 provides:

"Any such company, corporation or person who may be engaged in furnishing to the inhabitants of any such city or town any water, light, gas or sewerage service, shall, on or before the first day of March of each year, file with the mayor of such city or town a written report sworn to by the manager, secretary or president of such corporation, by a member of such company, and by any such person, which shall show:

"1. The amount of any lien or mortgage upon the properties composing such plant;

"2. All other indebtedness pertaining to such enterprise and the consideration therefor;

"3. The actual cost of the visible physical properties, date when installed and the present value thereof, and herein the lands, machinery, buildings, pipes, poles, circuits, mains shall each be treated separately;

"4. The annual cost of operating such plant, showing separate items, the amount paid for actual salaries, amount paid for labor of all kinds, fixed charges, including interest, taxes and insurance, giving each separately, amount paid for fuel, for extension and repairs, giving each separately, and particularizing the extension and repairs the cost of maintenance, amount paid for damages, claim or suits for damages, identifying each claim or suit, amount paid for miscellaneous expenses, and, if any machinery or equipment is abandoned, worn out or its use discontinued within the preceding year, the same shall be stated, the original cost, and the present value thereof shall be given;

"5. The report shall give the gross earnings from any such plant, including revenues from every source whatever, stating items separately, amount received by each department."

Article 1122 provides: "Any such corporation, or any member of such company, or any such person mentioned in this chapter, who shall for thirty days wilfully refuse or fail to report in the manner provided by this chapter, shall forfeit and pay to any such city or town the sum of one hundred dollars per day for each and every day during which it shall continue in default; or, if any such corporation, or company, or person, shall file any report, knowing that the same does not truly report the facts about the matters mentioned therein, it shall forfeit and pay to such city or town the sum of two hundred and fifty dollars for each such wilfully false report. Such forfeitures and penalties shall be recovered at the suit of such city or town brought in the county where such city or town is located."

The judgment appealed from is for $80,-400. It was rendered in favor of the appellee and against the appellant, in pursuance to a jury's verdict to the effect that the appellant, on or before March 1, 1931, 1932, and 1933, and 30 days thereafter respectively, wilfully refused or failed to file sworn reports in the manner required by article 1121, in that the reports filed did not give all of the information called for in subdivisions 3 and 4 of said article, that the appellant did not in good faith believe that it was complying with the provisions of the article, when it filed the reports with the appellee, and that the appellant continued in default for 804 days of the 3 years mentioned.

The appellant makes the contention that articles 1121 and 1122, supra, on which the suit is grounded, are not applicable to the city of Sherman, that the city of Sherman is not a city incorporated under the general laws of the state of Texas within the contemplation of the statute, and that said articles are, by their own terms, general laws, applicable to cities and towns incorporated under the provisions of title 28, Revised Statutes of 1925, and not to cities and towns known as home rule cities, incorporated under the provisions of section 5, article 11, of the Texas Constitution, and the enabling act, article 1165 et seq. of the Revised Civil Statutes of 1925.

Our Constitution and statutes each provide for incorporation by cities of a designated class, according to, and depending upon, the expressed will of the people to be affected. Article 11, section 4, of the Constitution, declares: "Cities and towns having a population of five thousand or less may be chartered alone by general law"; and section 5 of article 11, the home rule provision, in part declares: "Cities having more than five thousand (5000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the

general laws enacted by the Legislature of this State." The enabling act, article 1165 et seq., carrying into effect section 5, article 11, authorizes the class cities of more than 5,000 inhabitants to determine for themselves whether they shall be incorporated as a home rule city and be subject to the duties and liabilities incident to such corporation, as prescribed by the laws relating thereto.

■ It was clearly the purpose of the constitutional amendment (article 11, § 5) and the enabling act (article 1165 et seq.), passed by the Legislature soon after the adoption of the amendment, to bestow upon all cities falling under the home rule amendment "full power of local self-government not inconsistent with the Constitution and statute," and to grant to home rule cities full power to do by their charter and ordinances, so long as same are not in violation of the Constitution or general laws of the state, all things which the Legislature could theretofore have granted to them. The Legislature was limited to enacting statutes governing cities, towns, and villages with 5,000 inhabitants or less, incorporated under the general laws of the state; and, when the population exceeded 5,000 inhabitants, and chartered under the home rule amendment to the Constitution, the rights and powers of such cities are not attended by the pleasure or will of the Legislature, and their corporate rights and powers are not intended to be defined alone by legislative acts.

■ Articles 1121 and 1122 were enacted in 1907. The original act embraced what is now articles 1119, 1120, 1121, 1122, and 1123, Revised Statutes of 1925, and, with the exception of an amendment to article 1119, by the Forty-Second Legislature, c. 226, § 1, which was before this court, in the case of City of Farmersville v. Texas-Louisiana Power Co. et al., 55 S. W.(2d) 195, and the Commission of Appeals, in Texas-Louisiana Power Co. v. City of Farmersville, 67 S.W.(2d) 235, the entire act is now as it was then.

Article 1119, which heads the statute, reads: "The governing body of all cities and towns in this State of over two thousand population, incorporated under the general laws thereof, shall have the power to regulate, by ordinance, the rates and compensation to be charged by all water, gas, light and sewer companies, corporations or persons using the streets and public grounds of said city or town, and engaged in furnishing water, gas, light or sewerage service to the public, and also to prescribe rules and regulations under which such commodities shall be furnished, and service rendered, and to fix penalties to enforce such charges, rules and regulations. The governing body shall not prescribe any rate or compensation which will yield less than ten per cent. per annum net on the actual costs of the physical properties, equipment and betterments."

The limitation imposed by the language of article 1119 extends and is germane to the related articles 1121 and 1122. In the latter articles, reference is made to "any such city or town" or "such city or town." Obviously, the provisions of articles 1121 and 1122 are made to apply only to cities and towns designated in article 1119, to those of over 2,000 population, and incorporated under the general laws.

The phrase "incorporated under the general laws," as used in article 1119 and extended in articles 1121 and 1122, has always had a fixed, definite, and significant meaning in the laws of Texas, relating to cities, towns, and villages. Originally, our Constitution provided that cities and towns might be chartered as follows: Those of 10,000 population, or less, "alone by general law" (Constitution 1876, art. 11, § 4); those of more than 10,000 population "by special act of the legislature" (Constitution 1876, art. 11, § 5). Subsequent amendments to sections 4 and 5 have amended the distinction between cities and towns incorporated under the general laws and those obtaining charters in a different manner; and, at present, the Constitution divides cities and towns into two main classes: Cities are now either incorporated under the general laws or by a home rule charter adopted pursuant to the provisions of section 5, article 11, of the Constitution. In 1909, sections 4 and 5 of article 11 were amended, so that 5,000 population instead of 10,000, as theretofore existed, become the division line between cities and towns, in the manner of their corporation.

It must be seen there is a well-recognized distinction in this state between cities and towns incorporated under the general laws, and cities and towns, known as home rule cities, incorporated under the constitutional provision, or by special legislative acts. The Legislature itself has recognized this distinction in many statutes relating to cities and towns. It is clear, we think,

that the language in article 1119, "incorporated under the general laws," was used by the Legislature to describe cities and towns whose legislative existence was brought about in a specific way and whose rights and powers are granted alone by the Legislature, to distinguish that class of cities and towns from all others. A city which operates under the home rule amendment to the Constitution is not created by general law, and does not derive its power alone therefrom. Such a city is empowered by the Constitution to adopt or amend its charter in any manner which it may desire, so long as it does not conflict with the Constitution and general laws. Davis v. City of Taylor, 123 Tex. 39, 67 S. W.(2d) 1033.

The act under consideration was evidently designed to and did confer upon a named class of cities and towns, those "incorporated under the general laws" of this state, the power to regulate rates of certain public utilities operating therein; it required an annual report to be filed with the city of the class to which it related, and prescribed penalties for willful failure or refusal to file such reports. Evidently, the Legislature had in mind that the power of such cities to exact the requirement of such utilities was vested in the Legislature, and that home rule cities could, by charter or ordinance, exact their own requirements without let or hindrance by it. The Legislature probably had the power to provide a reasonable statute, by which public utilities would be required to make reports, to cities incorporated either by special or general law, as required under article 1121; and there can be no question that home rule cities are authorized to do so; and furthermore may require a more extensive detailed report than is provided by the article. But, until the statute has been extended to such cities by legislation, courts are not authorized to extend it beyond the class of cities it was designed to apply.

Until 1915 the city of Sherman was a special charter city. In 1873 the Legislature passed an act, entitled, "An Act to reorganize the Town of Sherman, in Grayson County, Texas, and Incorporate said Town as the City of Sherman." Laws Texas, vol. 7, p. 191. In the same year, a supplemental act was passed enlarging the powers of the city of Sherman. Laws Texas, vol. 7, p. 600. Later, and in 1895, the Legislature passed another act, entitled, "An act to incorporate the City of Sherman, in Grayson County, Texas, and to fix the boundaries thereof, and to provide its government and the management of its affairs." Laws Texas, vol. 10, p. 1005. The last charter was amended in 1897, so as to enlarge the corporate boundaries. Laws Texas, vol. 10, page 1351. This last charter remained in effect until March 6, 1915, when the city of Sherman adopted a home rule charter.

■ The city of Sherman being a home rule city, the state Constitution, the enabling act, and the general laws of the state in pari materia constitute the organic laws thereof. Brown v. Fidelity Inv. Co. (Tex. Com.App.) 280 S.W. 567; City of Beaumont v. Fall, 116 Tex. 314, 291 S.W. 202. In addition, the city itself may legislate, subject only to the restriction that it may not enact any law inconsistent with the Constitution and general laws of the state. These rights and powers of the city are reflected in section 2 of her charter, which, in part, reads: "The enumeration of particular powers by this charter shall not be held or deemed to be exclusive, but in addition to the powers enumerated herein, implied thereby or appropriate to the exercise thereof, the city shall have and may exercise all other powers which are now or which may hereafter be conferred on municipalities by the Constitution and laws of Texas."

■ Looking to the language just quoted, it is a mere reservation of power with the privilege of exercising it or not, just as the city may elect. The city "shall have and may exercise all other powers which are now or which may hereafter be conferred on municipalities by the Constitution and laws of Texas" cannot have application to legislative grants to cities and towns of a class specifically designated by the act, and which are not applicable to cities falling within the home rule class. There can be no question but that the city of Sherman possesses the legislative power by charter or ordinance to require public utilities, operating within her boundary, to make reports and assess reasonable penalties for default; and, furthermore, require of them a more extensively detailed report than is provided in article 1121.

We think, however, it must be held that the provisions of section 2 of the Sherman charter are not sufficient to embrace and make articles 1121 and 1122 of the Revised Statutes a part thereof, which the Legislature has determined shall have ap-

plication only to "cities and towns in this State of over two thousand [2000] population, incorporated under the general laws thereof." Article 1119. To our mind, it is clear that the power to bring this suit under the provisions of articles 1121 and 1122, supra, has not been granted to the city of Sherman either by its charter or by any statute applicable to it. The view we take of this case makes it unnecessary to burden the opinion with a discussion of appellant's further assignments of error. The judgment of the lower court is reversed and here rendered for appellant.

Reversed and rendered.