**JONES et al. v. HARLAN et al.**

No. 3670.

Court of Civil Appeals of Texas. El Paso.

Sept. 30, 1937.

Rehearing Denied Oct. 21, 1937.

McBroom & Clayton and Travis White, all of El Paso, for appellants.

Leo Jaffe, Coyne Milstead, Ernest Guinn, and J. Walker Morrow, City Atty., all of El Paso, for appellees.

NEALON, Chief Justice.

Gowan Jones and the other appellants herein, as plaintiffs, brought this suit against M. A. Harlan, mayor of El Paso, and the other appellees, seeking an injunction against interference with appellants in the exercise of the functions of civil service commissioners of the city of El Paso. Upon a hearing for temporary injunction the district judge denied the relief sought. It is from this order that appeal is taken.

As basis for the relief sought, appellants alleged they they constituted the city civil service commission of the city of El Paso, and that appellant Gowan Jones was chairman of said commission. Appellees Casteel, Reynolds, Brice Schuller, and L. A. Fail, together with the mayor, constitute the city council of the city of El Paso. Said city operates under a special charter granted in 1907 and home rule amendments adopted subsequent to the ratification of the amendment to the State Constitution permitting cities to adopt and amend their charters by popular vote (Const. art. 11, § 5). In 1917 a home rule amendment to the said charter was adopted, by the terms of which there was created a civil service fire and police commission, with jurisdiction over employees of the fire and police departments. In 1935 another amendment was adopted creating a second civil service commission with jurisdiction over the remaining employees of the city, except certain ones therein enumerated. This latter amendment authorized the city council to consolidate the civil service commission created by the 1935 amendment with the then existing city police and fire civil service commission under the name of "The City Civil Service Commission" at any time when in its judgment such consolidation should be deemed advisable, and provided that when such consolidation should take place all employees, including members of the police and fire departments, subject to civil service should be under the jurisdiction of the city civil service commission. Each of said amendments provided that the term of office of the members of the commission should be two years, except that one of the commissioners first appointed (to be determined by lot) should serve for one year only.

Gowan Jones was, on or about March 10, 1936, appointed by the then mayor, with the approval of the then city council, as a member of the civil service commission. Unless earlier removed lawfully he was entitled to serve in said capacity until on or about March 10, 1938. In April, 1936, he was elected chairman of the civil service commission. On April 29, 1937, the city council passed, and the mayor approved, an ordinance consolidating the two commissions and authorizing the mayor, with the approval of the city council, to appoint two members for one year and three members for two years.

On May 6, 1937, the terms of office of all members of both commissions, except that of Gowan Jones, having expired, the mayor, with the approval of the council, appointed appellants (other than Jones) and appellee Earl Maxon members of the city civil service commission. Mr. Jones was recognized as a member of said commission and elected chairman thereof.

Appellant Gowan Jones, when appointed in 1936, took the prescribed oath of office and filed it with the city clerk in compliance with section 10 of the charter, which provides that "every person elected to office by the City Council, or appointed by the Mayor, shall, within 20 days thereafter, qualify and enter upon the discharge of his duties, and in default thereof the office shall be deemed vacant, and the City Council or the Mayor, as the case may be, shall proceed to fill the same by new election or appointment." The other appellants and the said Maxon failed to take said oath when appointed, but did function as members of said commission, and were so recognized by the mayor and the city council.

July 17, 1937, an ordinance was passed by the city council and approved by the

mayor, in which it was attempted to repeal the prior ordinance consolidating the two commissions. July 19, 1937, the mayor addressed to each of appellants a written notice informing him that he had been removed from office, and that the mayor's action had been approved by the city council. July 21, 1937, the mayor, with the approval of the city council, named Earl Maxon, Chas. Windberg, Jr., and Ralph H. Homan members of the civil service fire and police commission, and said appointees took the required oath of office. July 23, 1937, the mayor, with the approval of the city council, named appellees F. J. Ashe and Ralph Blair members of the "Civil Service Commission of the City of El Paso," and they took the required oath of office. These last five named appointments were made upon the theory that the ordinance repealing the ordinance of consolidation was effective for that purpose. Apparently being in doubt as to the correctness of his theory as to the validity of the repealing ordinance, the mayor, with the approval of the city council, also appointed appellees Ashe, Blair, Maxon, Windberg, and Homan members of the city civil service commission. These appointments, except that of Mr. Blair, were made on July 22, 1937. Mr. Blair was appointed July 23, 1937. Each appointee took the prescribed oath of office. The mayor and aldermen and other appellees denied the authority of appellants to act as members of the city civil service commission, and refused to respect their action as a body and tried to prevent them from acting as members of the city civil service commission, and further refused to recognize the judgments and official acts of appellants as those of the city civil service commission, and asserted that they intended to persist in such a course.

Appellants W. R. Blair, Gowan. Jones, and Dan Cook took their oaths as members of the city civil service commission on July 21, 1937, and Jack W. Donahue took a like oath on July 23, 1937. These oaths were not filed with the city clerk. There is no express provision of the said charter requiring oaths of office to be filed with the city clerk. The mayor's appointment of Messrs. Homan, Windberg, and Maxon as members of the purported civil service fire and police commission, and as members of the city civil service commission was approved on motion, as was his action in declaring that he had removed appellants from office and declaring a vacancy. The minutes indicated that this action was taken July 22, 1937. It does not appear that the resolution declaring the vacancy and confirming the appointments was approved by the mayor.

This suit was brought for the purpose and with the result hereinbefore stated.

## Opinion.

Did the Mayor, with the approval of the city council, have the right to remove the members of the city civil service commission at will and without a hearing? If this question be answered in the affirmative, the appellants are not entitled to the remedy they seek, and it is unnecessary to consider the other questions raised upon appeal. Sections 10 and 11 of the city charter granted in 1907 read in part as follows:

"Sec. 10. * * * The Mayor shall appoint the Chief of Police, all police officers, the Clerk of the Corporation Court, the City Physician, the members of the Board of Health and such other officers and agents of the city as by this Act or by ordinance may be ordained to be appointed by the Mayor. He shall have authority at will to suspend without pay or remove any officer or agent appointed by him, and if requested by any person so removed he shall file his reasons therefor with the City Clerk for the inspection of the public."

"Sec. 11. The City Council shall have authority to remove any officer of the city, whether elective or appointive, for cause by a majority vote of the full Board of Aldermen, after he shall have been given due notice and an opportunity to be heard in his own defense.

"All officers and agents of the city, whether elective by the council or appointed by the Mayor, shall hold their offices for no fixed period, but only during the pleasure of the power electing or appointing them."

The 1917 charter amendment creating the fire and police civil service commission reenacted the quoted portions of section 10 and, after providing for the machinery and procedure of the fire and police civil service department, further provided: "Sec. 10f. As to officers and employes of the city not placed under this Commission, the present Charter shall remain in full force and effect as to such appointment, removal, etc., unless amended at this or some subsequent election."

The 1935 civil service amendment contained the following express provision: "The existing provisions of the Charter of

the City of El Paso shall remain in full force and effect as to the appointment and removal of all officers and employees of the City of El Paso not placed under the jurisdiction of the Civil Service Commission hereby created."

A consideration of the quoted provisions of the city charter and its amendments makes it clear that there was granted to the mayor the express power to remove at will officers and employees appointed by the mayor and not under the jurisdiction of one or the other of the civil service commissions. When an officer is granted such unrestricted power, the courts have no jurisdiction to review his action in the exercise of the power. He is the judge of the necessity that calls for its use, and, if he errs, there is no tribunal that has the power to correct his error. As we have said, the power is express—it is not implied. Therefore, the officer or employee to whom it relates is not entitled to either notice or hearing. He may request that the reasons for the removal be filed with the city clerk for the inspection of the public. It is self-evident that the members of the civil service commission are not subject to their own jurisdiction. They are appointed by the mayor, with the approval of the council. As they are not elected or appointed by the city council, the first paragraph of section 11 of the original charter granting the right of "due notice and an opportunity to be heard in his own defense" has no application.

■ Nor does the fixing of the tenure at two years change the rule. Our Supreme Court held in Bonner v. Belsterling, 104 Tex. 432, 138 S.W. 571, 575, that a member of the board of education of the city of Dallas, which board was created by the charter of said city, was not exempt from a provision of the charter permitting the qualified voters of the city to remove any holder of an elective office at any time. In the course of its discussion the court used the following language: "the law provided for the recall at the time the plaintiff in error was elected to his office, and he took it upon the condition that the people might remove him from office, and he cannot now be heard to say that he had been deprived of his office without due process of law, for, in fact, the proceeding is just what he contracted for when he accepted the office."

The principle announced controls in the present case. Recall is but a method of removal in which the power of removal is either granted to or reserved by the people, differing from the power to remove granted by the El Paso city charter only as to the grantee of the power and the method by which the removal is effected.

■ The members of the two commissions and of the consolidated commission entered into office by virtue of the very law that re-enacted the provision granting the mayor the power to remove at will. They are therefore bound by the provision.

■ Nor is it an answer to say that the improper exercise of this power may render impossible the improvement sought to be accomplished by the amendment. If such be the case, the power of correction by further amendment is in the hands of the people. In the meantime, the court must declare the law as it finds it, not as it might wish to find it.

The judgment is affirmed.

HIGGINS, J., did not sit in this case.