CITY OF SAN BENITO, Appellant,

v.

Oscar CERVANTES, Appellee.

No. 5412.

Court of Civil Appeals of Texas, Eastland.

March 6, 1980.

Rehearing Denied March 27, 1980.

Randall P. Crane, San Benito, for appellant.

Fred Galindo, Brownsville, for appellee.

McCLOUD, Chief Justice.

This suit involves the construction of Section 1, Article XXV of the charter of the City of San Benito. The City urges that the section permits the commissioners to discharge the city manager at will and without cause. We agree.

Oscar Cervantes was appointed City Manager of San Benito in May 1977. He was discharged by the commissioners on November 11, 1977. The tenure of the city manager is governed by Section 1, Article XXV of the City Charter which provides:

Sec. 1. APPOINTMENT—At such time after the taking effect of this charter as the city commission shall see fit to do so, it may appoint a city manager, who shall be the administrative head of the municipal government and shall be responsible for the efficient administration of all departments. He shall be chosen upon qualification and fitness for the exercise of his duties, *his appointment to be for a term of two years and he shall be eligible for reappointment indefinitely.* He may or may not be a citizen of the City of San Benito, when appointed but shall immediately establish his residence within the city upon accepting office. *He shall be removable at the will of the city commission on thirty days' notice.* He may demand written charges and a public hearing on the same before the city commission at any time between the issuance of the order of removal and the date on which it is to take effect. (Emphasis added)

Cervantes sued the City for the amount of his salary for the remainder of his alleged two-year term. After trial to the court, judgment was rendered against the City for $34,525.72. The City appeals. We reverse and render.

The City urges that Section 1 must be construed to give effect to the language that the city manager "shall be removable at will," whereas Cervantes contends the manager is appointed for two years and is removable only for cause.

Tex.Rev.Civ.Stat.Ann. art. 1175 § 1 (1963) gives home rule cities the power to prescribe the tenure of their officers. Section 1 of Article XXV of the Charter under consideration clearly states that the city manager is "removable at will." A similar provision was construed in *Ratliff v. City of Wichita Falls,* 115 S.W.2d 1153 (Tex.Civ. App.—Amarillo 1938, writ dism.). The charter there provided:

"A city recorder and a clerk of the corporation court shall be appointed by the Board of Aldermen to serve for a term of two years, and until their successors are appointed and have qualified, but subject to removal by the Board of Aldermen at any time."

The court held:

From an examination of section 130 of the city charter above, and from the language of the statute quoted, we think it is apparent that the governing board of the city of Wichita Falls had full authority to remove the appellant from such office, with or without cause, at any time such board desired.

See also *City of Electra v. Taylor,* 297 S.W. 496 (Tex.Civ.App.—Fort Worth 1927, no writ).

We hold that under the Charter, the City had the right to discharge plaintiff, without cause, at the will of the city commission. We point out that plaintiff sought only damages; he did not seek, by his petition, a public hearing.

Judgment of the trial court is reversed and judgment is rendered that plaintiff take nothing.