

# The Attorney General of Texas

December 2, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lloyd Criss
Chairman
Committee on Labor and Employment
   Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No.   JM-389

Re:   Whether the city of Galveston may remove persons appointed to a city board, and related questions

Dear Representative Criss:

You ask whether the city of Galveston may enact a valid ordinance which changes the terms of office for members of the city's boards and agencies. You inquire particularly about the city's authority to change the terms of office of the Park Board of Trustees established pursuant to article 6081g-1, V.T.C.S.

Galveston is a home rule city. You state that the Galveston city code initially provided a two year term of office for the Park Board of Trustees, beginning September 1 and ending two years later. Recently, Galveston enacted an ordinance which altered the terms of office for the city's various boards and agencies so that all terms would begin on June 1. This ordinance also shortened the terms of present members of the Park Board of Trustees. Those terms scheduled to expire September 1, 1985, were shortened to expire June 1, 1985. Terms scheduled to expire on September 1, 1986, are set to expire on June 1, 1986. You state that the city of Galveston wishes to know whether it can restructure the terms of office of city boards, specifically the Park Board of Trustees, to provide for uniform transition of membership. You ask the following questions:

1. Does the city of Galveston have the authority to shorten terms of office of the Park Board of Trustees in order to effectuate a restructuring of the terms of office of all city offices?

2. If not, does the city of Galveston have the authority, implied or expressed, to remove appointed board members at will and without showing good cause?

> 3. Does article XVI, section 27 of the Texas Constitution apply to appointed officials as well as to those elected; and are there any other statutes or provisions that would require the replacements for the removed or resigned appointees to fill out only that portion of the unexpired terms of the removed or resigned appointees or may they serve their full two year terms beginning with their appointment date?

As a home rule city, Galveston has full power of local self-government. It may enact any charter provision or city ordinance not inconsistent with the constitution or general law. Tex. Const. art. XI, §5; V.T.C.S. arts. 1165, 1175, 1176; State ex rel. Rose v. City of La Porte, 386 S.W.2d 782 (Tex. 1965); City of Houston v. State ex rel. City of West University Place, 176 S.W.2d 928 (Tex. 1943), appeal dism'd, 322 U.S. 711 (1944) (no substantial federal question). The home rule power of Galveston over the Park Board of Trustees must be exercised consistently with article 6081g-1, V.T.C.S. This statute authorizes home rule cities with a population in excess of 40,000 persons to create a "Park Board of Trustees" for the purpose of acquiring, improving, equipping, maintaining, financing or operating public parks. V.T.C.S. art. 6081g-1, §§1, 2. The board has numerous express powers, including the power to issue revenue bonds. Id. §7(k). Section 3 fixes the trustees' terms of office:

> Sec. 3. The Park Board of Trustees shall be composed of nine members appointed by the governing body of such city, one of whom shall be a member of such governing body. Such trustees shall serve for a term of two years from the date of their appointment and any vacancies shall be filled by appointment of the governing body of such city; provided that five trustees first appointed shall serve for initial terms of two years and four trustees first appointed shall serve for initial terms of one year, such initial terms to be designated by the governing body of such city. . . . (Emphasis added).

With the exception of the initial one year term for part of the board, the statute establishes a two year term, to begin on the date of the first appointment. See generally Spears v. Davis, 398 S.W.2d 921 (Tex. 1966). Section 8 of article 6081g-1, V.T.C.S., provides that

> [t]his Act shall be cumulative of all other laws and of all Home-Rule Charter provisions, but this

> Act shall take precedence in the event of con-
> flict.

The term of office and commencement date established by section 3 of article 6081g-1, V.T.C.S., take precedence over any conflicting charter provisions. Therefore, the city of Galveston does not have authority to shorten the terms of office of the Park Board of Trustees, nor has it authority to change the previously determined date on which the terms begin. See Spears v. Davis, 398 S.W.2d 921 (Tex. 1966); cf. Attorney General Opinion H-955 (1977) (absent legislative direction, Texas Youth Council may reduce chairman's term by resolution). The city of Galveston does not have authority to shorten the terms of office of the Park Board of Trustees established under article 6081g-1, V.T.C.S. See also Tex. Const. art. XI, §5 (no home rule charter or ordinance passed thereunder shall contain any provision inconsistent with the constitution or general laws of the state).

You next ask whether the city of Galveston has authority to remove appointed board members at will and without showing good cause. A home rule city may remove a city officer pursuant to applicable statutes and charter provisions. For example, the Housing Authorities Law permits the mayor to remove housing commissioners for ineffici- ency, neglect of duty, or misconduct. V.T.C.S. art. 1269k, §§5, 7; see White v. Bolner, 223 S.W.2d 686 (Tex. Civ. App. - San Antonio 1949, writ ref'd). The courts have upheld city charter provisions authorizing a city to remove an officer by recall election. Bonner v. Belsterling, 138 S.W. 571 (Tex. 1911), aff'g, 137 S.W. 1154 (Tex. Civ. App. - Dallas 1911). In City of San Benito v. Cervantes, 595 S.W.2d 917 (Tex. Civ. App. - Eastland 1980, writ ref'd n.r.e.), the court upheld the city commissioner's dismissal of the city manager at will and without cause, pursuant to the following charter provision: "He shall be removable at the will of the city commission on thirty days' notice." City of San Benito v. Cervantes, 595 S.W.2d at 918.

To determine whether a particular city officer is removable at will and without good cause, it is necessary to examine the statutes and valid charter provisions applicable to that office. You have specifically inquired only about the Park Board of Trustees; there- fore, we will not attempt to deal individually with each of the numerous boards and agencies affected by the new city ordinance.

As already determined in answer to your first question, the city of Galveston does not have authority to remove members of the Park Board of Trustees by reducing the term of office to less than two years. See Bonner v. Belsterling, 137 S.W. 1154 (Tex. Civ. App. - Dallas 1911), aff'd 138 S.W. 571 (Tex. 1911) (stating in dicta that officer may be removed by abolishing office or by legal action declaring it vacant). Article 6081g-1, V.T.C.S., does not contain any

provision for removing a member of the Park Board of Trustees from office for the remainder of his unexpired term. A brief which you submitted with your opinion request states that the Galveston City Charter contains only one provision on removal, which reads as follows:

> Any member of the council or elected or appointed officer or employee of the city who shall willfully violate any provision of this charter shall be guilty of malfeasance in office and upon conviction thereof shall forfeit his office or employment and may be punished by a fine not exceeding Two Hundred Dollars ($200.00) for each offense.

Galveston City Charter, art. 14, §4. This provision does not authorize the Galveston city council to remove members of the Park Board of Trustees or any other officer at will and without good reason. The city may not employ a method of removal which is not authorized by statute or charter provision. See generally City of Austin v. Thompson, 219 S.W.2d 57 (Tex. 1949) (city charter provisions on filling vacancies in office must be followed by city council). We answer your second question in the negative.

Our answers to your first two questions render it unnecessary that we address your third question.

### S U M M A R Y

The city of Galveston does not have authority to shorten the two year term of members of the Park Board of Trustees established by the city pursuant to article 6081g-1, V.T.C.S. No statute, city ordinance or charter provision authorizes the city of Galveston to remove members of the Park Board of Trustees at will and without good cause.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk