**Joe A. BARNETT, Appellant,**

v.

**CITY OF PLAINVIEW, et al., Appellees.**

No. 07–92–0234–CV.

Court of Appeals of Texas, Amarillo.

Feb. 22, 1993.

Thomas J. Griffith, P.C., Teresa Z. Levine, Lubbock, for appellant.

Howard W. Hatch, Jr., Tom Hamilton, Plainview, for appellees.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

Contending summary judgment was improper and material questions of fact exist to vitiate it, Joe Barnett appeals from the summary judgment granted in favor of the City of Plainview, Texas; E. V. Ridlehuber,

individually and as Mayor of Plainview; James Jeffers, individually and as City Manager of Plainview; Tom Aday, individually and as City Council Member of Plainview; Junior Brown, individually and as City Council Member of Plainview; Barbara Dorman, individually and as City Council Member of Plainview; Bobby James, individually and as City Council Member of Plainview; and Andy Taylor, individually and as City Council Member of Plainview.[1] Based upon the authorities and rationale discussed below, we will affirm the judgment of the trial court.

The parties stipulated to the underlying facts. On February 27, 1984, the City appointed Barnett as Plainview's municipal court recorder (judge) with duties including presiding over and disposing of cases in the municipal court, maintaining records of the court, signing warrants, and reading rights to juveniles. Barnett continued in this position until the events at issue occurred.

On January 10, 1986, Jeffers, with Ridlehuber's approval, sent a letter outlining the City's concerns over Barnett's performance of his duties, and instructing him to attend a January 14 hearing to discuss the matters addressed in the letter. After the hearing, at which Barnett was present, the City Council voted to remove him from office, effective immediately. The Texas Commission on Judicial Conduct was not notified of any grievance or proceedings against Barnett by the City.

On January 8, 1988, Barnett brought suit against the City. In his live trial pleadings, he alleged the City had violated the separation of judicial and legislative powers and his right to free speech, and deprived him of a liberty interest without due process.

Upon the City's general denials, Barnett filed his motion for summary judgment. As pertinent to the issues presented to us. Barnett alleged that the City's actions (1) were preempted by state laws, (2) denied him due process, (3) were an unconstitutional invasion of a judicial function, (4) were violative of judicial immunity, (5)

were an impermissible procedure for removal, (6) denied him a property interest in a public office, and (7) denied him a liberty interest in his character and reputation without due process of law.

The City timely responded to each of Barnett's allegations, and in turn, filed its own motion for summary judgment. The City opined that Barnett was an employee-at-will, and his termination complied with the city charter and ordinances, the state constitution and statutes, and the Federal Constitution and statutes.

Barnett responded by attacking the City's affidavits in support of their motion as incompetent. He made no direct response to the City's contention that it fully complied with the charter and ordinances governing the office of municipal court judge, and did not allege that the charter and ordinances were preempted by state law.

In his response to the City's motion for summary judgment, Barnett states that a "separate response will be made by counter-affidavit." No such separate response is in the record before us. Ordinarily, we may only consider the response filed which made no contest concerning preemption, separation of powers, or due process. As appellant, it was Barnett's burden to see that a sufficient record was presented to show error by the trial court which requires reversal. Tex.R.App.P. 50(d).

Nevertheless, it is apparent from the record, specifically Tom Hamilton's December 14, 1989 letter to the trial court and the identical orders granting and denying the respective motions for summary judgment, that the legal issues presented by Barnett's motion were equally considered in the disposition of the City's motion. In the interest of justice, we will consider these matters as addressed.

In both the order denying Barnett's motion and that granting the City's motion, the trial court determined that Barnett was an officer and employee of the City and, as

---

**1.** Hereinafter, the appellees will be collectively referred to as the City and individually by name.

a home-rule municipality, the City had authority to establish the manner and mode of selecting officers and employees and to prescribe their qualifications, duties, compensation, and length of employment. The trial court further determined, as a matter of law, that the authority exercised by the City in terminating Barnett's employment was in compliance with state law and the City's charter and ordinances.

Barnett contends the summary judgment was erroneously granted because (1) Texas statutes and the Supreme Court have promulgated rules for the removal of judges which preempt the City's provisions for removal of a municipal court recorder (judge), (2) material questions of fact exist about whether the City violated the separation of powers, (3) the City violated his judicial immunity when it removed him on improper grounds without the necessary proceedings, (4) a question of fact exists regarding whether his removal was consistent with the Texas Constitution, statutes, and Supreme Court rulings specifying grounds for removal, and (5) he did not receive due process safeguards regarding his property interest in continued employment. These contentions will be discussed in logical consecution.

■ A movant is entitled to summary judgment if he shows the absence of any genuine issues of material fact and the right to judgment under the undisputed material facts, as a matter of law, on grounds expressly stated in the motion. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). The movant, against whom all doubts are resolved, has the burden of establishing both elements. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

■ When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory plead. *Peirce v. Sheldon Petroleum Co.*, 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Thus, a defendant can prevail by conclu-

sively establishing against the plaintiff at least one factual element of each theory plead by the plaintiff, *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970), or by conclusively showing every factual element of an affirmative defense. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972).

In his first point of error, Barnett contends summary judgment was improper because the provisions of the City's Charter and ordinances under which he was dismissed are, as a matter of law, inconsistent with the Texas Constitution, state statutes, and Supreme Court rulings and, thus, preempted thereby. We disagree.

■ Although not established by the record, it is uncontested that Plainview is a home-rule city as contemplated by the Texas Constitution, and we accept this as true. Tex.R.App.P. 74(f). A city is a home-rule municipality if it operates under a municipal charter that has been adopted or amended as authorized by article XI, § 5 of the Texas Constitution. Tex.Loc.Gov't Code Ann. § 5.004 (Vernon 1988); *City of Sherman v. Municipal Gas Co.*, 133 Tex. 324, 127 S.W.2d 193, 195 (1939). A city becomes a home-rule municipality by a majority vote of the qualified voters, provided their charter or ordinance does not contain any provision inconsistent with the Texas Constitution or general laws enacted by the legislature (statutes). Tex. Const. art. XI, § 5.[2]

By statute, the municipal court recorder (judge) in a home-rule city is selected under the municipality's charter provisions relating to such appointment. Tex.Gov't Code Ann. § 29.004(a) (Vernon 1988). A home-rule city has authority to create offices, determine the method for selecting officers, and prescribe the qualifications, duties, and tenure of offices for its officers. Tex.Loc.Gov't Code Ann. § 26.041 (Vernon 1988). The term of office is to be set by the charter but cannot be less than two years, nor more than four. Tex.

---

**2.** Hereinafter, all references to the Constitution are to the Tex. Const. Ann. (Vernon 1955), unless otherwise stated or indicated.

Const. art. XI, § 11; Tex.Gov't Code Ann. § 29.005 (Vernon 1988).

Plainview, Texas Charter Section 7 provides in pertinent part:

The other officers of said City shall be ... and such other officers and employees the City Council may determine ... and all other officers or employees of the City shall be appointed by the Mayor and confirmed by the Council, and shall perform such duties and receive such compensation as may be decided upon by the Council, and for such length of time as the Council shall decide, ...

Article X, Section 84 of the Charter goes on to establish a corporation court as contemplated by statute, commonly referred to as a municipal court, providing:

the Mayor shall be ex officio Judge of said court ... provided, however, the City Council may by ordinance create the office of Recorder [judge] of said court and make said office appointive by said Council or elective by a vote of the people.

In accordance with these provisions, Plainview Code § 19–5 creates the office, and § 19–6 provides that the City Council shall appoint the recorder (judge) of the municipal court. From the portions of the Code and Charter provided in the record before us, the Charter and ordinances do not provide a set term of office, nor do they provide established procedures for removal from office.

■ The City contends that because there was no set term of employment, Barnett was an employee-at-will, and could be dismissed at any time, with or without cause. For the reasons expressed below, we disagree that, at the time in question, Barnett was an employee-at-will.

■ The purpose of the home-rule amendment to the Constitution is to bestow upon cities coming thereunder full power of local self-government, *City of Monahans v. State*, 348 S.W.2d 176, 177–78 (Tex.Civ.App.—El Paso 1961, writ ref'd n.r.e.), and to grant them full power to do by their charter and ordinances everything which the legislature could have granted them to

do. *Municipal Gas Co. v. City of Sherman*, 89 S.W.2d 436, 438 (Tex.Civ.App.—Dallas 1935), *aff'd*, 133 Tex. 324, 127 S.W.2d 193 (1939). Therefore, a home-rule city looks to the acts of the legislature not for grants of power, but only for limitations on their powers. *State v. City of La Porte*, 386 S.W.2d 782, 785 (Tex.1965).

■ The powers of home-rule cities are subject to, and may be limited by, their charters, the Constitution or statutes. *Lower Colorado Riv. Auth. v. City of San Marcos*, 523 S.W.2d 641, 644 (Tex.1975). Limitation on the power of a home-rule city may be either express or implied; however, a limitation will not be implied unless the provisions are clear and compelling to that end. *Id.* at 645.

The broad language in the Charter that the municipal court recorder (judge) will serve "for such length of time as the council shall decide," is expressly limited by § 29.005 of the Texas Government Code, which states:

The judge of a municipal court serves for a term of office of two years unless the municipality provides for a longer term pursuant to Article XI, Section 11, of the Texas Constitution.

Tex.Gov't Code Ann. § 29.005 (Vernon 1988). Although the Charter is limited by the statutory requirement, it is not in conflict therewith so as to deem it void. *Cf. Municipal Gas Co. v. City of Sherman*, 89 S.W.2d at 439.

■ A city ordinance or Charter provision is presumed to be valid, and the courts have no authority to interfere unless it is unreasonable and arbitrary, amounting to a clear abuse of municipal discretion. *City of Brookside Village v. Comeau*, 633 S.W.2d 790, 792 (Tex.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982).

■ The entry of the state into a field of legislation does not automatically preempt that field from city regulation. Regulation ancillary to and in harmony with the general scope and purpose of the state's enactment is acceptable. *Id.* 633 S.W.2d at 796. A statute and a city ordi-

nance will not be held repugnant to each other if any other reasonable construction leaving both in effect can be reached. When there is no conflict between a state law and a city ordinance, the ordinance is not void. *City of Richardson v. Responsible Dog Owners*, 794 S.W.2d 17, 19 (Tex. 1990).

While the statute expressly provides for a minimum term of two years for a municipal court judge, the existence of the limitation does not preclude the City from making provisions governing the creation of the office, the selection of the judge, and prescribing his qualifications and duties. Tex.Loc.Gov't Code Ann. § 26.041 (Vernon 1988). The statute and the ordinances can be read in harmony together as allowing the municipal court judge to be appointed by the City for a minimum term of two years, with qualifications and duties prescribed by the City.

Barnett was entitled to a two-year term of appointment as municipal court recorder (judge) and, thus, to that extent, was not an employee-at-will. Since the removal occurred before the expiration of two years from the date of appointment, we must determine whether construction of the Charter provides for the City's removal of the recorder (judge) from office prior to the end of the appointed term.

In construing a city's charter, intent must be given effect and the language used construed as written, unless this would defeat the intent. *Willman v. City of Corsicana*, 213 S.W.2d 155, 156–57 (Tex. Civ.App.—Waco 1948), *aff'd*, 147 Tex. 377, 216 S.W.2d 175 (1949). If power is granted to a city, the exercise thereof is within the discretion of the city. *Davis v. City of Taylor*, 123 Tex. 39, 67 S.W.2d 1033, 1034 (1934).

When power over a particular subject matter has been delegated to a municipal corporation by the legislature without any express limitations, the extent to which that power shall be exercised rests in the discretion of the municipal authorities, and as long as it is exercised in good faith and

for a municipal purpose, the courts have no ground upon which to interfere. *Id.*

Where removal is expressly provided for in the city charter, it is a part of the contract and officers of the city can be removed without a hearing. *Jones v. Harlan*, 109 S.W.2d 251, 259 (Tex.Civ.App.—El Paso 1937, writ dism'd); *see also City of San Benito v. Cervantes*, 595 S.W.2d 917, 918 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.) (city manager was discharged at will without cause on thirty days notice as provided in city ordinance); *Manning v. Harlan*, 122 S.W.2d 704, 707 (Tex.Civ. App.—El Paso 1938, writ dism'd) (charter expressly gave mayor power at will to remove members of city civil service commission with or without cause and with or without approval of city council); and *Ratliff v. City of Wichita Falls*, 115 S.W.2d 1153, 1154 (Tex.Civ.App.—Amarillo 1938, writ dism'd) (city had full authority under charter language to remove municipal court judge).

Contrarily, in the present instance, the power of removal is not expressly given in the Charter or ordinances. The question becomes whether the City, having all powers not denied to it by the Constitution or statutes, impliedly has the power to remove a municipal court judge prior to the end of his appointed term.

A home-rule city has full powers of local self-government and the grant of powers by the local government code does not prevent, by implication or otherwise, the municipality from exercising the authority incidental to local self-government. Tex.Loc. Gov't Code Ann. § 51.072(a), (b) (Vernon 1988). It may exercise such powers as are expressly granted to it in its charter or such implied powers as are incidental to the powers granted, or those essential and necessary to make effective the objectives and purposes of the city. *Amstater v. Andreas*, 273 S.W.2d 95, 97 (Tex.Civ.App.—El Paso 1954, writ ref'd n.r.e.).

The Charter and ordinances expressly grant the City the power to appoint the municipal court recorder (judge). Without doubt, the objective of such provisions is to establish the office and the qualifications

for a competent person to fill that office. Incidental to that power, and essential and necessary to make the objective and purposes of the provisions effective, is the implied power to remove the judge if his performance is unsatisfactory. To hold otherwise would be to force the City to maintain a municipal court judge for two years regardless of his performance, and would not meet the objective of having a qualified, competent judge in office. Barnett's first point of error is overruled.

■ Having determined the City had authority to remove Barnett from office prior to the expiration of his term, we must determine, as Barnett's fourth point of error contends, whether there was a material question of fact that the removal was accomplished in a permissible manner.

■ The general rule applicable when a valid provision of a home-rule city charter vests a discretionary power in a city council, is that a court has no right to substitute its judgment and discretion for the judgment and discretion of that body and may only adjudge whether the council acted illegally, unreasonably, or arbitrarily. *Barrington v. Cokinos*, 161 Tex. 136, 338 S.W.2d 133, 142 (1960). The determination of that question is one of law rather than of fact. *City of San Antonio v. Wallace*, 161 Tex. 41, 338 S.W.2d 153, 157 (1960). Secret motives of members of the city council are not matters of judicial inquiry but the inquiring court's decision must be made in light of all the surrounding circumstances. *Id.* 338 S.W.2d at 156–57.

Since the thrust of Barnett's attack is upon the legality of the procedure followed by the City in making its determination, rather than the sufficiency of the reasons advanced for that determination, that is the question next presented for our decision.

Barnett contends that Texas Government Code § 33.001 *et seq.* preempts the City's Charter and ordinances, and that *Matter of Davila*, 631 S.W.2d 723 (Tex.1982) governs the removal of an elected official. Thus, he submits, the City's provisions governing the appointment and removal of a municipal court judge are void, and a question of fact arises whether his removal was accomplished in a reasonable fashion under the applicable standard. Barnett's contention is flawed because the authority upon which he relies is applicable only to justices or judges of the courts established by the Constitution or created by the legislature. Tex. Const. art. V, § 1–a(6). The provision was not contemplated to govern municipal court recorders (judges), created by city ordinances.

There is a well recognized distinction between cities and towns incorporated under statutes and those known as home-rule cities. *Municipal Gas Co. v. City of Sherman*, 89 S.W.2d at 438. A city which operates under the home-rule amendment to the Constitution is not created by general law, and does not derive its power therefrom. Such a city is empowered by the Constitution to adopt or amend its charter in any manner it may desire, so long as it does not conflict with the Constitution and statutes. *Id.* at 439.

Until the statute has been extended to cities by the legislature, courts are not authorized to extend it beyond the class of cities to which it was designed to apply. *City of Sherman v. Municipal Gas Co.*, 133 Tex. 324, 127 S.W.2d at 196. Laws applicable to municipalities incorporated under statutes are not applicable to home-rule cities. *Id.* Consequently, the procedures upon which Barnett relies to create a fact question are not applicable to his situation.

The City provided Barnett with both a list of their concerns and an opportunity to be heard in that regard, neither of which was compelled by the Charter. We are not willing to say that because they offered the hearing it should have had the formalities required to remove district court judges. *Accord Crain v. Firemen's & Policemen's Civil Service Com'n*, 495 S.W.2d 20, 23 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.).

By its judgment, the trial court determined the removal procedure used by the City was lawful and reasonable. Barnett contends consideration of the reasons advanced for the council's determination that

Barnett's performance was unsatisfactory, raise fact questions whether, by deeming those reasons sufficient, the City unconstitutionally violated the principle of separation of powers. These fact questions, he urges, vitiate the summary judgment.

However, because we have determined the Charter and ordinances are not preempted, and an appointed municipal court recorder (judge) does not fall within the same category as justices or judges of the courts established by the Constitution or created by the legislature, the question of a violation of the separation of powers principle does not exist. Barnett's fourth point of error is overruled.

Having determined that, as an appointed municipal court judge of a home-rule city, Barnett was not entitled to take advantage of provisions afforded constitutional and statutorily created judges, a discussion of his remaining points of error is unnecessary. The judgment of the trial court is affirmed.