

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

October 18, 2016

The Honorable Jim Keffer
Chair, Committee on Natural Resources
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0117

Re: Whether an appointing member city's governing body may remove a director it has appointed to the North Texas Municipal Water District (RQ-0106-KP)

Dear Representative Keffer:

You ask "whether the governing body of a member city of the North Texas Municipal Water District (District) may remove or replace a director it has appointed to the District's Board of Directors at its discretion, and with or without cause, during such director's term."[1] The District is a conservation and reclamation district created by special law pursuant to the authority of article XVI, section 59 of the Texas Constitution.[2] The District is governed by a board of directors, each member of which is appointed to a two-year term by a member city within the District's territory. *See* Enabling Act §§ 3(a), 6 at 97, 99. Each member city appoints either one or two District board members, depending on its population, "in May of each" appropriate year.[3] *Id.* The District's governing legislation expressly provides for the replacement of a board member only at the end of his or her term, providing that "[e]ach director shall serve for his term of office as herein provided, and thereafter until his successor shall be appointed and qualified."[4] *Id.* § 3(a) at 97. Other law

---

[1]*See* Letter from Honorable Jim Keffer, Chair, House Comm. on Nat. Res., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Apr. 11, 2016), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]*See* Act of Apr. 4, 1951, 52d Leg., R.S., ch. 62, § 1, 1951 Tex. Gen. Laws 96, 96 ("Enabling Act"), *amended by* Act of Apr. 24, 1969, 61st Leg., R.S., ch. 122, 1969 Tex. Gen. Laws 334, 334; Act of Apr. 23, 1975, 64th Leg., R.S., ch. 90, 1975 Tex. Gen. Laws 238, 238; Act of Apr. 28, 2009, 81st Leg., R.S., ch. 20, 2009 Tex. Gen. Laws 37, 37; *see also* TEX. CONST. art. XVI, § 59(b) (authorizing the creation of conservation and reclamation districts).

[3]Cities with a population of 5,000 or more may appoint two directors to staggered terms, while cities with a population of less than 5,000 may appoint one director. Enabling Act §§ 3(a), 6 at 97, 99.

[4]Legislation enacted in 2009 addresses the lack of a quorum during a catastrophe or disaster, authorizing available directors or the highest ranking District staff member, among other things, to "call for the appointment of new directors by the member cities of the district to fill the vacancies on the board resulting from the catastrophe or disaster." Act of Apr. 28, 2009, 81st Leg., R.S., ch. 20, § 5, 2009 Tex. Gen. Laws 37, 40.

made applicable to the District does not address either the removal or replacement of a director.[5] *See* Act of Apr. 23, 1975, 64th Leg., R.S., ch. 90, § 1(d), (n), 1975 Tex. Gen. Laws 238, 239, 241 (making the Regional Waste Disposal Act applicable to the District and requiring that the District comply with chapters 5, 6, and 50 of the Water Code).[6] Thus, no provision expressly authorizes the removal of a District director prior to the end of the director's term.

Finding no such express authority, we consider to what extent the District's Enabling Act implies the authority for a city to remove a District director before the end of his or her term. The Enabling Act directs member cities to appoint a District director who will "serve for his term of office" and continue serving "thereafter" until a successor is appointed and qualified. Enabling Act § 3(a) at 97. Based on the Legislature's goal of maintaining the board position filled for the duration of the director's term and until a successor can take over, a court would likely conclude that member cities have the implied authority to fill a vacancy occurring prior to the end of a director's term. However, to the extent that a sitting director is able to serve until his successor is appointed and qualified, we find no authority from which could be implied the power to remove a director, with or without cause, prior to the end of the director's term.

Through briefing submitted to this office, representatives of several home-rule member cities refer to the inherent authority of a home-rule city to adopt and enforce ordinances that do not conflict with the Texas Constitution or State law.[7] *See* TEX. CONST. art. XI, § 5(a); *In re Sanchez*, 81 S.W.3d 794, 796 (Tex. 2002) (noting that a home-rule city has the "full power of self-government" and looks to the Legislature "not for grants of power, but only for limitations on" that power); *Town of Lakewood Village v. Bizios*, 2016 WL 3157476, at *2 (Tex. 2016) (providing that "statutory limitations on home-rule municipal authority are ineffective unless they appear with unmistakable clarity, and even when they do, a municipality's ordinance is only unenforceable to the extent it conflicts with" state law (quotation marks omitted)). The briefers assert that the Enabling Act's silence with regard to the removal or replacement of a director prior to the end of

---

[5]Subsection 49.052(g) of the Water Code, generally applicable to all water districts and providing for removal of a board member "only" for a specific cause, does not apply to the District. TEX. WATER CODE § 49.052(g); *id.* § 49.001(a)(1) (excluding the District, as a "conservation and reclamation district created pursuant to Chapter 62, Acts of the 52nd Legislature" from the definition of "district" for purposes of chapter 49).

[6]Chapter 5 of the Water Code governs the Texas Commission on Environmental Quality. *See generally* TEX. WATER CODE §§ 5.001–.807. Chapter 6 of the Water Code governs the Texas Water Development Board. *See generally id.* §§ 6.001–.247. Neither chapter addresses the removal or replacement of water district board members. Chapter 50 of the Water Code was repealed in 1995. *See* Act of May 25, 1995, 74th Leg., R.S., ch. 715, § 39, 1995 Tex. Gen. Laws 3755, 3802.

[7]*See* Brief submitted collectively from Mr. Richard Abernathy, Mr. Brad Neighbor, Mr. BJ Smith, Ms. Paige Mims, Mr. Peter G. Smith, Mr. Francisco J. Garza, and Mr. Jason Day (city attorneys for the home-rule cities of Frisco, Garland, Mesquite, Plano, Richardson, Rockwall, and Royse City, respectively) at 2 (May 20, 2016) ("Collective Brief"); Brief from Mr. Mark Houser, McKinney City Att'y at 2 (May 20, 2016) ("McKinney Brief) (briefs on file with the Op. Comm.).

his or her term permits a home-rule city to remove a director through the city's charter or ordinances. Collective Brief at 3; McKinney Brief at 5–6.

In addressing a similar question, this office previously concluded that the City of Garland lacked authority to remove one of its appointed representatives to the District board prior to the end of the director's term. In reaching this conclusion, JM-1239 emphasized that a District director is not a municipal officer but, rather, "an officer of the district, who happens merely to be appointed by the city council." Tex. Att'y Gen. Op. No. JM-1239 (1990) at 3 (emphasis omitted). Thus, while a home-rule municipality may have broad authority with regard to the removal of its own officers, such authority does not necessarily extend to the removal of a District director prior to the end of the director's term.

The briefers also urge us to apply the reasoning in *Barnett v. City of Plainview* to the present facts.[8] In that case, a court concluded that a home-rule city's power to appoint a municipal judge includes "the implied power to remove the judge if his performance is unsatisfactory" because the objective of the appointment power is "to establish the office and the qualifications for a competent person to fill that office." *Barnett v. City of Plainview*, 848 S.W.2d 334, 340–41 (Tex. App.— Amarillo 1993, no writ). However, as the *Barnett* court acknowledged, the municipal judge in that case "was an officer and employee of the City." *Id.* at 336; *see also* TEX. GOV'T CODE § 29.004(a) (providing that a municipal judge in a home-rule city is "selected under the municipality's charter provisions relating to the election or appointment of judges"). In contrast, member cities of the District do not establish the District board or the directors' qualifications for office. The Legislature does. Thus, the reasoning of *Barnett* does not apply to the question at issue.

---

[8]*See* Collective Brief at 3; McKinney Brief at 5.

## S U M M A R Y

A court would likely conclude that member cities of the North Texas Municipal Water District ("District") have implied authority to fill a vacancy occurring on the District's board of directors prior to the end of a director's term to the extent that doing so is necessary to maintain the position filled. But if a sitting director is able to serve until his successor is appointed and qualified, we find no authority from which could be implied the power of a member city to remove a District director, with or without cause, prior to the end of the director's term.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee