Thomas W. YOUNGBLOOD, Jr.

v.

The CITY OF GALVESTON, TEXAS.

Civil A. No. G–95–606.

United States District Court, S.D. Texas, Galveston Division.

March 20, 1996.

Carlton A. Getty, La Marque, TX, for Thomas W. Youngblood.

William Scott Helfand, Hirsch Robinson Sheiness & Glover, P.C., Houston, TX, for The City of Galveston, Texas.

## ORDER

KENT, District Judge.

This case was filed by former Municipal

Court Judge Thomas W. Youngblood, Jr.,[1] asserting various state law claims and claims under 42 U.S.C. § 1983 against the City of Galveston. For the reasons set forth below, the Motion is hereby **GRANTED** as to Youngblood's section 1983 claims. In addition, because the Court declines to exercise its supplemental jurisdiction over Youngblood's remaining state law claims, those claims are hereby **REMANDED** to state court.

### I.

Youngblood served as Judge of the Municipal Court, a position authorized by the City of Galveston City Charter. The Charter establishes a two year term for the Municipal Judge, and also provides that the Municipal Judge "shall be appointed by the City Council, and shall serve at the pleasure of the City Council." Charter, Art. VI, § 2.

Youngblood alleges that the Mayor and City Council met in closed session on July 31, 1995 to discuss Youngblood and his position as Municipal Court Judge. During that meeting, the City Council deliberated and voted to terminate Youngblood unless he resigned by 8:00 a.m. on Friday, August 4, 1995. According to Youngblood, the Mayor contacted him by telephone after the meeting and informed him of the action taken against him. On August 4, 1995, the City Council reconvened, and "[w]ithout substantive discussion," the Council unanimously voted to terminate Youngblood. *See* Complaint at 2. Youngblood contends the City Council publicly challenged his honesty and integrity and accused him of substantial wrongdoing.

On August 21, 1995, Youngblood commenced this action in state court, asserting claims under 42 U.S.C. § 1983, the Texas Open Meetings Act, Tex. Gov't Code Ann. § 551.001 *et seq.*, the Texas Whistleblower Act, Tex. Gov't Code Ann. § 554.001 *et seq*, as well as claims under the Texas Constitution. The City removed the action to this Court on September 15, 1995.

1. Sadly, Judge Youngblood recently died. Youngblood's attorney informed the Court that representatives of Youngblood's estate intend to

### II. 42 U.S.C. § 1983

Pursuant to Fed.R.Civ.Pro. 12(b)(6), the City seeks to dismiss each of Youngblood's claims, contending Youngblood has failed to state any claim upon which relief can be granted. When considering a Rule 12(b)(6) motion to dismiss, the Court must assume the truthfulness of the allegations contained in Youngblood's Complaint. *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). A motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061 (5th Cir.1994). Against this standard, the Court will consider each of Youngblood's claims in turn.

In his section 1983 claim, Youngblood contends the City deprived him of protected liberty and property interests without due process of law. Youngblood contends that he had a property interest in continued employment as a Municipal Judge, and that the City deprived him of that interest when the City Council summarily terminated him. In addition, Youngblood contends the accusations of wrong-doing by the City so stigmatized his reputation that he was deprived of a protected liberty interest in his reputation.

#### A. Property Interest

A plaintiff asserting a substantive due process claim in the public employment context must demonstrate that he had a clearly-established property interest in his employment. *Schultea v. Wood,* 27 F.3d 1112, 1116 (5th Cir.1994), *reh'g en banc,* 47 F.3d 1427 (5th Cir.1995). Property interests are created and defined by state law. *Williams v. Texas Tech Univ. Health Sciences Ctr.,* 6 F.3d 290, 293 (5th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1301, 127 L.Ed.2d 652 (1994); *Henderson v. Sotelo,* 761 F.2d 1093, 1096 (5th Cir.1985).

Texas is an employment-at-will state; thus, employment contracts are ter-

proceed with the action. Because a formal substitution of parties has yet to occur, the Court refers to the Plaintiff as Youngblood.

minable at will absent a specific contract to the contrary. *Schultea,* 27 F.3d at 1116; *Sabine Pilot Service, Inc. v. Hauck,* 687 S.W.2d 733, 734 (Tex.1985). Because an at-will employee can be terminated at any time for any reason or no reason, an at-will employee has no property interest in continued employment. *Irby v. Sullivan,* 737 F.2d 1418, 1422 (5th Cir.1984). In Texas, a public employee is an at-will employee unless the state has abrogated its right to discharge the employee without cause. *Evans v. City of Dallas,* 861 F.2d 846, 848 (5th Cir.1988). If a public employee serves at the pleasure of his superiors, the employment relationship is at-will, and the employee has no property interest in continued employment. *Batterton v. Texas General Land Office,* 783 F.2d 1220, 1222 (5th Cir.), *cert. denied,* 479 U.S. 914, 107 S.Ct. 316, 93 L.Ed.2d 289 (1986).

■ Youngblood argues he was not an at-will employee, relying on section 29.005 of the Texas Government Code and *Barnett v. City of Plainview,* 848 S.W.2d 334 (Tex.Ct. App.—Amarillo 1993, no writ). Section 29.005 states: "The Judge of the Municipal Court serves for a term of two years unless the Municipality provides for a longer term." Tex. Gov't Code Ann. § 29.005. In *Barnett,* the court held that because section 29.005 creates a minimum two-year term for municipal judges, a municipal judge, "to that extent, [is] not an employee-at-will." 848 S.W.2d at 339. However, the *Barnett* court also recognized that "[w]here removal is expressly provided for in the city charter, it is a part of the contract and officers of the city can be removed without a hearing." *Id.*

Here, the Galveston City Charter specifically provides that the Municipal Judge serves at the pleasure of the City Council. Thus, notwithstanding the two-year term provided for by the Galveston City Charter and Tex. Gov't Code Ann. § 29.005, Youngblood was an at-will employee and could be terminated without cause and without a hearing. Youngblood, therefore, had no property interest in continued employment as a municipal judge. *Batterton,* 783 F.2d at 1222; *Irby,* 737 F.2d at 1422. Accordingly, that portion of Youngblood's section 1983 claim

fails as a matter of law. *Schultea,* 27 F.3d at 1116.

### B.  Liberty Interest

■ "[D]ischarge from public employment under circumstances that put the employee's reputation, honor or integrity at stake gives rise to a liberty interest under the Fourteenth Amendment to a procedural opportunity to clear one's name." *Rosenstein v. City of Dallas,* 876 F.2d 392, 395 (5th Cir.1989), *modified in part on other grounds,* 901 F.2d 61 (5th Cir.), *cert. denied,* 498 U.S. 855, 111 S.Ct. 153, 112 L.Ed.2d 119 (1990). If a government employer discharges an employee under circumstances that will do harm to the employee's reputation without giving the employee the opportunity to clear his name, the employee may recover damages under section 1983 for the deprivation of his liberty interest. *Id.* To succeed on this section 1983 claim, the employee must establish that (1) he was discharged; (2) defamatory or stigmatizing charges were made against him; (3) the charges were made in connection with the discharge; (4) the charges were false; (5) no meaningful pre-discharge public hearing was held; (6) the charges were made public; (7) he requested a hearing in which to clear his name; and (8) the request for a hearing was denied. *Rosenstein,* 876 F.2d at 395–96.

The City argues Youngblood's claim is fatally defective because his complaint does not allege that he requested a name clearing hearing or that such a request was denied. The Court agrees. While Youngblood states in his response that he requested a "due process" hearing at the August 4 City Council meeting, there is no allegation of that request in his Complaint. Thus, Youngblood's Complaint fails to state a section 1983 deprivation of liberty interest claim.

### III.  State Law Claims

■ Youngblood's only claims now remaining in this action are state law claims asserting violations of the Texas Constitution, the Texas Open Meetings Act, and the Texas Whistleblower's Act. Under the Supplemental Jurisdiction statute, a district court may exercise jurisdiction over claims that form part of the same case or controversy as the claims over which the court has

original jurisdiction. 28 U.S.C. § 1367(a). However, the statute also provides that the court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) ... if the district court has dismissed all the claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). District courts "enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White,* 996 F.2d 797, 799 (5th Cir. 1993).

Given the nature of Youngblood's state law claims, the Court concludes that it would be inappropriate to retain jurisdiction over these claims. In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Supreme Court emphasized that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* at 726, 86 S.Ct. at 1139. Youngblood's state law claims, particularly his Open Meetings Act and Whistleblower claims, involve issues of local government that are more properly resolved by the Texas courts. Thus, the Court exercises the discretion granted to it by 28 U.S.C. § 1367(c)(3) and declines to exercise jurisdiction over Youngblood's remaining state law claims. *See, e.g., McCullough v. Branch Banking & Trust,* 844 F.Supp. 258, 261 (E.D.N.C.1993) (after dismissal of federal claims, declining to exercise supplemental jurisdiction over state claims in part because claims involved "complex and unsettled issues of North Carolina law which would be more appropriately resolved by a North Carolina court."), *aff'd,* 35 F.3d 127 (4th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1101, 130 L.Ed.2d 1069 (1995).

### IV. Conclusion

Because Youngblood has failed to state either a property or liberty interest under 42 U.S.C. § 1983, the City's Motion to Dismiss Youngblood's section 1983 claims is hereby GRANTED. Further, because of the nature of the remaining state law claims, the Court

declines to exercise its supplemental jurisdiction over those claims, and Youngblood's state law claims are hereby REMANDED to the 212th Judicial District of Galveston County, the court from which this action was removed. The Court does not reach those portions of the City's Motion to Dismiss devoted to Youngblood's state law claims, and expressly reserves to the state court the full discretion to rule on the remaining portions of the Motion as it sees fit.

It is hereby **ORDERED** that the parties file no further pleadings in this Court, including Motions to Reconsider and the like; rather, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas or the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.[2]

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Order issued by the Court this day, the Court hereby **GRANTS** the City of Galveston's Motion to Dismiss the Plaintiff's claims under 42 U.S.C. § 1983, and **REMANDS** the Plaintiff's remaining state law claims to the 212th Judicial District of Galveston County. As to the dismissal of the Plaintiff's section 1983 claims, **THIS IS A FINAL JUDGMENT.**

All parties are **ORDERED** to bear their own costs incurred herein to date.

**IT IS SO ORDERED.**

---

2. The Court notes, however, that 28 U.S.C. § 1447(d) provides that an "order remanding a case to the State Court from which it was re-

moved is not reviewable on appeal or otherwise."