**Richard Louis SALMON**

v.

**Christine Cooke MILLER, et al.**

**Civil Action No. 2:96cv53.**

United States District Court, E.D. Texas, Marshall Division.

Dec. 5, 1996.

---

9. Id., at § 17.06[4][e].

10. The Court notes that the bond set of $12,000 is not facially unreasonable.

John Milton Cornelius, Marshall, TX, for Plaintiff.

Jay Nelson Green and Debbie O. Evans, Potter Minton Roberts Davis & Jones, Tyler, TX, for Defendants.

## ORDER

McKEE, United States Magistrate Judge.

Pending before the Court is Defendants' Motion to Dismiss or Alternatively Motion for Summary Judgment. Upon consideration of the motion and response thereto, the Court finds that the defendants' motion should be granted in part.

### Background

Pursuant to a City of Waskom ordinance, the plaintiff was appointed as municipal judge for the city on December 1, 1987 and was reappointed until June 1994. The City of Waskom's ordinance provides that the term of office of the municipal judge shall be by appointment of the City Council by a majority vote of the governing body. On June 7, 1994, the City Council voted to appoint Mayor Christine Cooke Miller as municipal judge. Aldermen Prestiss Hay and A.C. Dickerson voted to appoint Mayor Miller as municipal judge. Accordingly, the plaintiff was not reappointed as municipal judge. The plaintiff challenges this decision by the City Council as a wrongful discharge in violation of state law as well as a violation of 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The plaintiff asserts that he was not reappointed because he failed to follow the commands of the City of Waskom to not inform those persons who were issued speeding tickets of their right to a trial by jury.

The plaintiff's Original Petition was filed in the County Court at Law in and for Harrison County, Texas. The defendants removed the case to the United States District Court for the Eastern District of Texas, Marshall Division. The defendants, Christine Cooke Miller, Prestiss Hay, A.C. Dickerson, and the City of Waskom, now move to dismiss or in the alternative, for summary judgment on all claims asserted against them.

### Analysis

A party is entitled to summary judgment if it can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once a movant who does not have the burden of proof at trial makes a properly supported motion, the burden shifts to the nonmovant to show that a summary judgment should not be granted. *Id.* at 321–25, 106 S.Ct. at 2551–54. A party opposing such a summary judgment motion may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57, 106 S.Ct. 2505, 2513–15, 91 L.Ed.2d 202 (1986). Summary judgment is not a "disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2554. When ruling on a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *Hansen v. Continental Insur. Co.*, 940 F.2d 971, 975 (5th Cir.1991).

Needless to say, unsubstantiated assertions are not competent summary judgment evidence. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992).

In considering a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th

Cir.1996). However, the Court may not look beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. *Id.*

## A. *Section 1985 Claims.*

■ The plaintiff does not distinguish in his Original Petition which subsections of section 1985 apply to his case. With respect to his section 1985 cause of action, the plaintiff makes the following allegations: the plaintiff was employed as municipal judge of the City of Waskom, Texas; the plaintiff was told by the City that his job was to collect fines from persons who had been issued speeding tickets; the plaintiff was told that he was not to inform such persons of their right to a trial by jury; the plaintiff was instructed by the City to avoid and otherwise not to allow such persons to have trials for their speeding tickets; the defendants conspired to interfere with civil rights by preventing the plaintiff from performing his official duties; because the plaintiff refused to follow the commands of the City, he was terminated from the position of municipal judge on June 7, 1994. In his response to the defendants' motion, the plaintiff indicates that he is advancing claims under all three subsections of section 1985. The Court will consider whether the plaintiff states a claim under the three subsections *seriatim.*

Section 1985(1) provides:

**(1) Preventing officer from performing duties**

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties.

Even with the most liberal reading of the plaintiff's Original Petition, the Court is mystified as to how a cause of action under section 1985(1) can exist. The plaintiff asserts in his response to the defendants' motion to dismiss that section 1985(1) "protects *any judicial officer* attempting to lawfully discharge his official duties and provides a cause of action for a person against whom the conspiracy is directed against individuals who conspire to injure another in person or property on account of the official's lawful discharge of the duties of his office...." *See* Plaintiff's Memorandum in Opposition at p. 2–3. (emphasis added). The plaintiff cites no cases to support this assertion, and to the contrary, section 1985(1) relates only to officers of the United States. *See Kush v. Rutledge,* 460 U.S. 719, 724, 103 S.Ct. 1483, 1486, 75 L.Ed.2d 413 (1983). The plaintiff offers no support for the proposition that section 1985(1) extends protection to municipal judges, and the Court will not recognize such an extension of section 1985(1) today. The plaintiff fails to state a claim under section 1985(1).

■ Section 1985(2) provides:

**(2) Obstructing justice; intimidating party, witness, or juror**

If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to en-

force, the right of any person, or class of persons, to the equal protection of the laws;

The first portion of section 1985(2) concerns federal judicial proceedings. *Kush*, 460 U.S. at 724, 103 S.Ct. at 1486. The second part of section 1985(2), however, applies to conspiracies to obstruct the course of justice in state courts. *Id.* at 725, 103 S.Ct. at 1487. It is the second part of section 1985(2) which the plaintiff attempts to invoke. *See* Plaintiff's Memorandum in Opposition at p. 3. The plaintiff fails to state a claim because the second clause of section 1985(2) contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws. *Id.*

The Supreme Court held in *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), that the language requiring intent to deprive one of equal protection of the laws means that there must be some racial or otherwise class-based discriminatory animus behind the conspirators' actions. Although *Griffin* addressed the first clause of section 1985(3), the Fifth Circuit has applied the *Griffin* rationale to claims under second part of section 1985(2) because that part of the statute also refers to equal protection of the laws. *See Bradt v. Smith*, 634 F.2d 796, 801 (5th Cir. Unit A), *cert. denied*, 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981). The plaintiff fails to allege racial or otherwise class-based discriminatory animus. Accordingly, the Court finds that the plaintiff fails to state a claim under section 1985(2).

■ To state a claim under 42 U.S.C. § 1985(3), the plaintiff must allege that the defendants (1) conspired (2) for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and that (3) the defendants acted in furtherance of the conspiracy whereby another was (4) injured in his person or property *or* deprived of having and exercising any right or privilege of a citizen of the United States. *Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971). The language requiring intent to deprive equal

protection or equal privileges and immunities means "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102, 91 S.Ct. at 1798. The plaintiff fails to state a claim under section 1985(3) for the same reason he fails to state a claim under the second part of section 1985(2): the plaintiff fails to allege racial or otherwise class-based discriminatory animus as required by *Griffin.* Once again, the plaintiff fails to cite any support for the proposition that his claim is one of "otherwise class-based discriminatory animus" entitled to protection under section 1985(3). Municipal judges who inform others of their right to a trial by jury do not comprise a cognizable class entitled to protection under section 1985(3).

For the foregoing reasons, the Court finds that the plaintiff's claims under section 1985 are dismissed with prejudice against all defendants for failure to state a claim.

B. *Section 1983 Claims.*

■ The plaintiff alleges that he was wrongfully discharged for assuring those issued speeding tickets their right to a trial by jury. The plaintiff asserts that the defendants violated the Sixth and Fourteenth Amendments by preventing him from performing his official duties with respect to providing a jury trial. The plaintiff does not allege that he was deprived of the right to a jury trial; instead, the plaintiff is attempting to assert the right to a jury trial of those issued speeding tickets through his section 1983 action. Generally, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). The plaintiff fails to cite any authority for the proposition that he can assert the jury trial rights of others. Therefore, the right to a trial by jury under the Sixth and Fourteenth Amendments cannot serve as the basis for the plaintiff's section 1983 claim.

■ The defendants also argue in their motion to dismiss or alternatively for sum-

mary judgment that the plaintiff does not have a vested right or property interest in the position of municipal judge. Although in his Original Petition the plaintiff alleges in a conclusory fashion that he was a public employee working pursuant to a contract of employment, the plaintiff fails to allege any facts to indicate that a contract of employment existed and further fails to provide any competent summary judgment evidence to support this allegation.[1] The City of Waskom's ordinance provides that the term of office of the municipal judge shall be by appointment of the City Council by a majority vote of the governing body. The City's ordinance does not appear to create a contract of employment. *See Youngblood v. City of Galveston*, 920 F.Supp. 103 (S.D.Tex. 1996) (holding that former municipal judge did not have property interest in continued employment). The plaintiff does not even allege that the ordinance creates an employment contract. The only argument offered by the plaintiff that he had a substantive right to the position of municipal judge is, "if not for the wrongful termination of the Plaintiff by the Defendants, the Plaintiff would continue to serve as the Municipal Judge." *See* Plaintiff's Memorandum in Opposition at p. 4. That is insufficient to even state a claim of a due process violation, much less create a genuine issue of material fact to defeat summary judgment.

Accordingly, the Court finds that the plaintiff's section 1983 claims against all defendants must be dismissed with prejudice.

### C. *State Law Claims.*

■ The only claim which remains is the plaintiff's wrongful discharge claim under Texas law. Under the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367, a district court may exercise jurisdiction over claims that form part of the same case or controversy as the claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims

over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). A court has wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed. *See Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993). Because the plaintiff's remaining state law claim involves issues of local government and wrongful discharge, the Court declines to exercise jurisdiction over the plaintiff's remaining state law claim. The Court finds that the plaintiff's remaining state law claim should be remanded to the County Court at Law, Harrison County, Texas, from which it was removed.

Accordingly, it is

ORDERED that the defendants' Motion to Dismiss (Dkt. No. 9–1) or Alternatively Motion for Summary Judgment (Dkt. No. 9–2) is Granted in Part. The plaintiff's claims under 42 U.S.C. § 1983 and § 1985 are dismissed with prejudice. It is further

ORDERED that the plaintiff's state law claims are hereby Remanded to the County Court at Law, Harrison County, Texas.

### *FINAL JUDGMENT*

The above styled cause having come before this Court for consideration, and a decision having been duly rendered; it is

ORDERED that no relief be granted to claimant, and that the action is DISMISSED.

---

1. Plaintiff does not provide any evidence of an employment contract. The plaintiff submitted an unindexed stack of exhibits without referring to any example of a contract. The Fifth Circuit has clearly held that the court is not required to sift through exhibits to find summary judgment evidence to support a party's position. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.1994).