Terry C. RICHARDS,

v.

CITY OF WEATHERFORD.

No. 4:00–CV–1807–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

Feb. 27, 2001.

Donna R. Morris, Attorney at Law, Morris & Morris, Flower Mound, TX, for plaintiff.

James Thomas Jeffrey, Jr., Attorney at Law, Remington & Jeffrey, Arlington, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

MAHON, District Judge.

Now before the Court is a Motion to Dismiss ("the Motion") filed by Defendant, the City of Weatherford ("the City"), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, Terry C. Richards ("Richards") has filed a response in opposition to the Motion to Dismiss, and the City thereafter filed a reply brief in support of the motion. The Motion to Dismiss is now ripe for disposition. After considering the submissions of the parties, the record in this matter, and the applicable law, the Court determines that the Motion to Dismiss should be GRANTED for the reasons set forth below.

## BACKGROUND

The Weatherford City Council first appointed Richards to serve as a municipal judge in June 1996. Richards was later reappointed in November 1998, and was to serve in his position through December 2000. On May 23, 2000, without any explanation, Richards was suspended and placed on paid administrative leave. Richards alleges that the City refused to provide him with the reasons for his suspension, and· he requested a public hearing before the City Council regarding his suspension.

At the July 11, 2000 City Council meeting, a report related to an investigation of Richards was publicly read. However, the City Council did not allow any testimony by Richards or the general public at the meeting. Later, on July 31, 2000, the City held a special meeting (which Richards was not made aware of) at which the City Council discussed Richards' suspension.

On August 16, 2000, Richards sent a letter to the Parker County District Attorney regarding certain criminal wrongdoing by a City Council member and the Chief of Police. Shortly thereafter, on August 30, 2000, another City Council meeting was held at which Richards was allowed to present his defense and cross-examine his accusers. In early September, the City Council found, by a vote of 4–1, that Richards did not commit any act of misconduct or disability that required the City Charter to remove him from office. Despite the City Council's vote, Richards remained on paid administrative leave, and was not allowed to return to his position as municipal judge.

Richards filed this lawsuit on November 30, 2000 asserting violations of his due process rights pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the Constitution; the Texas Whistle blower Act, Tex. Gov't Code Ann. § 554.001 *et seq.;* the Texas Open Records Act, Tex. Gov't Code Ann. § 552.001 *et seq.;* and· a common law claim for intentional infliction of emotional distress. The City now seeks to dismiss each of Richards' claims for failing to state a claim upon which relief may be granted.

## ANALYSIS

### I. *Dismissal Standards Under Federal Rule 12(b)(6)*

In evaluating a motion to dismiss under Rule 12(b)(6), this Court must construe a plaintiff's complaint in the light most favorable to a plaintiff and take the factual allegations contained in the complaint as true. *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir.1991); *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288 (5th Cir.1977). A motion to dismiss should only be granted when a plaintiff could not prove any set of facts, under any reasonable reading of the complaint, which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see*

*also Hitt v. City of Pasadena,* 561 F.2d 606, 607 (5th Cir.1977).

■ The Court may dismiss a claim when it is clear that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Fee v. Herndon,* 900 F.2d 804, 807 (5th Cir.1990). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir.1989). While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist. *Walker v. South Cent. Bell Telephone Co.,* 904 F.2d 275, 277 (5th Cir.1990); *Ledesma v. Dillard Dept. Stores, Inc.,* 818 F.Supp. 983, 984 (N.D.Tex.1993) (Belew, J.). Furthermore, " '[c]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir.1992) (*quoting Associated Builders, Inc. v. Alabama Power Company,* 505 F.2d 97, 100 (5th Cir.1974)). The ultimate question in considering a motion to dismiss is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff. *Lowrey v. Texas A & M University Sys.,* 117 F.3d 242, 247 (5th Cir.1997).

## II. *Due Process Claims*

■ To state a cognizable claim under 42 U.S.C. § 1983, Richards must allege that he was deprived of a federally secured right by the City, acting under the color of state law. *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155–56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Raggio v. Parkland Memorial Hospital,* 1997 WL 135662 * 7 (N.D.Tex.1997) (Buchmeyer, J.). Richards alleges that the acts and practices of the City related to his suspension and placement on paid administrative leave denied him due process rights guaranteed by the Fourteenth Amendment of the Constitution.

■ The Due Process Clause of the Fourteenth Amendment protects against deprivations of life, liberty or property without due process or due course of law. *See Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Anderson v. U.S. Sprint Communications Co.,* 1999 WL 604835 *3 (N.D.Tex.1999) (Fitzwater, J.). A person is entitled to the protection of the Fourteenth Amendment only if he can show a deprivation of, or intrusion upon, a property right or liberty interest. *Wells v. Hico Indep. Sch. Dist.,* 736 F.2d 243, 251 (5th Cir.1984), *cert. dismissed,* 473 U.S. 901, 106 S.Ct. 11, 87 L.Ed.2d 672 (1985); *Hill v. Silsbee Indep. Sch. Dist.,* 933 F.Supp. 616, 624 (E.D.Texas 1996); *see also Kelleher v. Flawn,* 761 F.2d 1079, 1086 (5th Cir.1985) ("in order to recover under the Fourteenth Amendment in a § 1983 action, a plaintiff must demonstrate that [he] was deprived of a liberty or property interest and that [he] was not afforded adequate procedural protection prior to or following the deprivation"). In his Complaint, Richards contends that the City deprived him of both a protected property and liberty interest without due process of law. *See* Complaint at 5.

## A. *Property Interest Claim*

■ It is well-established that a plaintiff, asserting a due process claim in the public employment context, must demonstrate that he has a clearly-established property interest in his employment. *Schultea v. Wood,* 27 F.3d 1112, 1116 (5th Cir.1994), *reh'g en banc,* 47 F.3d 1427 (5th Cir.1995); *Moulton v. City of Beaumont,* 991 F.2d 227, 229 (5th Cir.1993); *Youngblood v. City of Galveston,* 920 F.Supp. 103, 105 (S.D.Tex.1996). "The Due Process Clause of the Fourteenth Amendment

does not create a property interest in government employment." *Cabrol v. Town of Youngsville*, 106 F.3d 101, 105 (5th Cir. 1997). Such a property interest may exist by operation of a contract, law, or policy established under state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Cabrol*, 106 F.3d at 105; *Spuler v. Pickar*, 958 F.2d 103, 106 (5th Cir.1992). In any event, the existence of a property interest must be determined by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Moulton*, 991 F.2d at 229.

■ Richards' Complaint alleges that he has a property interest in his employment "as a result of the fact that he had been appointed to serve as a municipal judge through December 2000." *See* Complaint at 5. The City argues that since Richards was placed on "paid administrative leave," and was not terminated, he has not suffered a loss of a property interest. *See* Motion to Dismiss at 3–4. Richards responds merely by stating that he has a property interest in his position. *See* Response to Motion to Dismiss at 4.[1] Richards' claim for a deprivation of a property interest in his employment is highly unusual in that Richards was never actually terminated or discharged from his position. *See, e.g., Moulton*, 991 F.2d at 230 ("To succeed with a claim based on ... due process in the public employment context, the plaintiff must show two things: (1) that he had a property interest/right in his employment, and (2) that the public employer's termination of that interest was arbitrary or capricious."); *see also Honore v. Douglas*, 833 F.2d 565, 568 (5th Cir.

1987). Because Richards has failed to plead the basis for a property interest in his employment, this Court must resort to speculation and assume that Richards is claiming a property interest in the duties and responsibilities of his employment position that he was not allowed to perform while he was on administrative leave. *But see Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D.Tex.1990)(Porter, J.), *aff'd*, 929 F.2d 697 (5th Cir.1991) ("It is not the Court's place to speculate or imagine what the plaintiff's claims may be.").

Richards' Complaint and Response to the Motion to Dismiss fail to cite any Texas statute, ordinance, contract, or case-law recognizing a protected property interest in the duties and responsibilities of a municipal judge. Further, the Court notes that its own search has revealed at least two Texas courts that have dismissed the due process property interest claims of municipal judges. *See Salmon v. Miller*, 951 F.Supp. 103, 107 (E.D.Tex.1996) (former municipal judge's argument that "if not for the termination of the Plaintiff by the Defendants, the Plaintiff would continue to serve as the Municipal Judge" was "insufficient even to state a claim of a due process violation"); *Youngblood*, 920 F.Supp. at 106 (dismissing claim that a former municipal judge had a property interest in his continued employment).

The Court's own research has also revealed a plethora of decisions in the courts of the Fifth Circuit holding that a property interest does not arise from a public employee's suspension, reassignment, placement on leave, or the mere duties or re-

---

**1.** In footnote 3 of his Response to the Motion to Dismiss, Richards states that he "continues to complain about lost pay related to benefits such as vacation pay and retirement benefits." However, Richards failed to plead the

loss of any such benefits in his Complaint, and therefore, they are not before the Court for the purposes of its ruling on this Motion to Dismiss.

sponsibilities of a position of employment.[2] Likewise, other federal courts outside of the Fifth Circuit have frequently rejected claims by public employees that property interests arise when an employee is suspended with pay or exist in the mere rights and duties related to a position of employment.[3] In fact, Justice White, writing for the Supreme Court in *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), noted that a public employer can "avoid the [due process] problem by suspending

[the public employee] with pay," just as the City did with Richards in the current case. *Id.* at 545–46, 105 S.Ct. 1487.

■ Consequently, it is apparent from Richard's own pleadings and the applicable law that Richards has not and cannot state a claim under § 1983 and the Fourteenth Amendment for deprivation of a protected property interest. Therefore, the property interest claim is dismissed for failure to state a claim upon which relief may be granted.[4]

---

**2.** *See e.g., Lollar v. Baker,* 196 F.3d 603, 608 (5th Cir.1999) (under Mississippi law, an employee did not have a property interest in a specific job from which she was reassigned or in a new job for which she applied); *Schultea,* 27 F.3d at 1117 (holding that "the district court should have granted the Defendants' motion to dismiss property interest claim where a chief of police was reassigned and did not suffer a decrease in salary"); *Quives v. Campbell,* 934 F.2d 668, 670–71 (5th Cir. 1991) (recognizing that "the due process clause only protects the status as an employee, not specific job assignments."); *Robinson v. Boyer* 825 F.2d 64, 67 (5th Cir.1987) (under Mississippi law, a university employee has no property interests in the duties and responsibilities of his employment); *Jett v. Dallas Indep. Sch. Dist.,* 798 F.2d 748, 754 n. 3 (5th Cir.1986) ("Although the governmental employer may specifically create a property interest in a noneconomic benefit—such as a particular work assignment—a property interest in employment generally does not create due process property protection for such benefits."), *aff'd in relevant part and remanded in part,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989); *Kelleher,* 761 F.2d at 1087 (expressly rejecting a public employee's claim of entitlement to the specific duties that she had prior to reassignment); *Moore v. Otero,* 557 F.2d 435, 435 (5th Cir.1977) (under Florida law, a demoted police officer had no property interest in his former position as a police corporal); *Harrison v. City of Dallas,* 2000 WL 74315 *4 (N.D.Tex.2000) (Kendall, J.) (Plaintiff had no property interest claim against Defendant who refused to restore Plaintiff to her original position after criminal charges against Plaintiff were dismissed); *Hill,* 933 F.Supp. at 625 (reassigned coach was "not afforded a property interest in [his] coaching duties"); *Senegal v. Jefferson County,* 785 F.Supp. 86, 88 (E.D.Tex.1992), *aff'd,* 1 F.3d 1238 (5th Cir.1993) (dismissing property interest claims of sheriff's deputies who were temporarily suspended).

**3.** *See, e.g., Edwards v. California Univ. of Pa.,* 156 F.3d 488, 492 (3d Cir.1998), *cert. denied,* 525 U.S. 1143, 119 S.Ct. 1036, 143 L.Ed.2d 44 (1999) (neither suspension with pay nor resultant stigma to reputation unconstitutionally deprived plaintiff of property interest); *Fields v. Durham,* 909 F.2d 94, 98 (4th Cir. 1990) ("the constitutionally protected interest in employment does not extend to the right to possess and retain a particular job or to perform particular services"); *Royster v. Board of Trustees of Anderson County Sch. Dist. Number 5,* 774 F.2d 618, 621 (4th Cir.1985), cert. denied 475 U.S. 1121, 106 S.Ct. 1638, 90 L.Ed.2d 184 (1986)(public employee's property interest does not extend to "the right to actively engage in and execute the duties of [an] office"); *Brown v. Brienen,* 722 F.2d 360, 365 (7th Cir.1983) ("[disputes] over overtime, over work assignments, over lunch and coffee breaks do not implicate the great objects of the Fourteenth Amendment"); *Mansoor v. County of Albemarle,* 124 F.Supp.2d 367, 379 (E.D.Va.2000) (under the federal standard of what process is due, the plaintiff's suspension with pay did not violate the Fourteenth Amendment, even if it was a "suspension... for punitive reasons").

**4.** Even if Plaintiff could state a due process claim based on a property interest in the his position as a municipal judge, it is still unlikely that a due process violation could be established. As recognized by the Supreme Court

## B. Liberty Interest Claim

■ "[D]ischarge from public employment under circumstances that put the employee's reputation, honor, or integrity at stake gives rise to a liberty interest under the Fourteenth Amendment to a procedural opportunity to clear one's name." *Rosenstein v. City of Dallas,* 876 F.2d 392, 395 (5th Cir.1989), *modified in part on other grounds,* 901 F.2d 61 (5th Cir.), *cert. denied,* 498 U.S. 855, 111 S.Ct. 153, 112 L.Ed.2d 119 (1990) (emphasis added). In his Complaint, Richards alleges that he has a liberty interest in his job based on the substantial damage done to his reputation by being placed on paid administrative leave, and he should have been granted a fair and adequate name-clearing hearing by the City. *See* Complaint at 5.

■ To succeed on his liberty interest claim, Richards must show: (1) that he was **discharged**; (2) that stigmatizing charges were made against him in connection with the **discharge**; (3) that the charges were false; (4) that he was not provided notice or an opportunity to be heard prior to his **discharge**; (5) that the charges were made public; (6) that he requested a hearing to clear his name; and (7) that the employer refused his request for a hearing. *Hughes v. City of Garland,* 204 F.3d 223, 226 (5th Cir.2000); *Rosenstein,* 876 F.2d at 395; *Youngblood,* 920 F.Supp. at 106 (emphasis added).

The City argues that Richards fails to state a claim upon which relief may be granted because he does not allege that he was discharged, or even constructively discharged, from his position as municipal judge. Motion to Dismiss at 4–6. Richards has only asserted that he was suspended and placed on paid administrative leave. Complaint at 2–4. This Court agrees with the City's argument.

■ It is well established that retention of employment negates a person's claim that he was denied a "liberty." *Moore,* 557 F.2d at 438; *accord Hill,* 933 F.Supp. at 626 (rejecting reassigned public school teacher's argument that "loss of status" gives rise to a liberty interest claim). Indeed, "[w]hen an employee retains his position, even after being defamed by a public officer, the only claim of stigma he has derives from the injury to his reputation, an interest that *Paul* reveals does not rise to the level of a liberty interest." *Moore,* 557 F.2d at 438 (relying on *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)).

As a result of Richards not pleading that he was discharged, it is apparent from the Richards' Complaint and the applicable law that Richards has not and cannot state a claim under § 1983 and the Fourteenth Amendment for deprivation of a protected liberty interest. Therefore, the liberty interest claim is also dismissed for failing to state a claim upon which relief may be granted. *Accord Senegal,* 785 F.Supp. at 89 (dismissing, pursuant to Rule 12(b)(6), the liberty interests claims of public employees who were suspended without pay for 40 days); *see also Johnson v. Morris,*

in *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976) (Stevens, J.):

> The Federal Court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitu-

tion cannot feasibly be construed to require federal judicial review for every such error.... The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

*Id.* at 349, 96 S.Ct. 2074; *see also Pehnke v. City of Galveston,* 977 F.Supp. 827, 830 n. 6 (S.D.Tex.1997).

903 F.2d 996, 999 (4th Cir.1990) (demotion does not constitute sufficient alteration of status); *Thomas v. Smith*, 897 F.2d 154, 156 (5th cir.1989) (reassignment of a public school teacher, by itself, is insufficient to trigger a constitutional deprivation of a liberty interest); *Hershinow v. Bonamarte*, 735 F.2d 264, 266 (7th Cir.1984) (suspended employee cannot sustain § 1983 liberty claim); *Mosrie v. Barry*, 718 F.2d 1151, 1161 (D.C.Cir.1983) (hearing not required when public employer defames employee who continues to be an employee); *Schneeweis v. Jacobs*, 771 F.Supp. 733, 738 (E.D.Va.1991), *aff'd*, 966 F.2d 1444 (4th Cir.1992) ("A suspension does not give rise to an employment interest under *Roth*."). As with Richards' property interest claim, the Court finds that Richards' liberty interest claim should be dismissed for failing to state a claim upon which relief may be granted.

### III. *State Law Claims*

■ Richards' only remaining claims in this action are state law claims asserting violations of the Texas Whistle blower Act, the Texas Open Records Act, and intentional infliction of emotional distress. Pursuant to the Supplemental Jurisdiction statute, a district court may exercise jurisdiction over claims that form part of the same case or controversy as the claims which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, a district court may decline to exercise jurisdiction over a claim if "the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir.1992) ("The district court properly dismissed all of the federal questions that gave it original jurisdiction in this case. Therefore, we find that the district court's dismissal of the state law claims was proper under 28 U.S.C. § 1367(c)(3)."). Thus, district courts are

given "wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir.1993).

■ After considering the nature of Richards' remaining state law claims, the Court determines that it would be inappropriate for it to retain jurisdiction over these causes of actions. *Accord Youngblood*, 920 F.Supp. at 107; *Salmon*, 951 F.Supp. at 108 (both cases dismissing the § 1983 claims of municipal judges against cities and declining to exercise supplemental jurisdiction over remaining state law causes of action). As explained by the Supreme Court, a "[n]eedless decision of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Richards' state law claims, particularly his claims under the Texas Open Meetings Act and Texas Whistle blower Act, involve issues of local government that are more properly determined by Texas state courts. *See Youngblood*, 920 F.Supp. at 107; *compare McCullough v. Branch Banking & Trust*, 844 F.Supp. 258, 261 (E.D.N.C.1993), *aff'd*, 35 F.3d 127 (4th Cir. 1994), *cert. denied*, 513 U.S. 1151, 115 S.Ct. 1101, 130 L.Ed.2d 1069 (1995). Therefore, the Court exercises its discretion pursuant to 28 U.S.C. § 1367(c)(3) and declines to exercise jurisdiction over Richards' remaining state law claims. As a result, the Court dismisses Richards' state law claims without prejudice so that they can be reasserted in state court.

### CONCLUSION

Because Richards has failed to state either a liberty or property interest claim in

violation of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983, the City's Motion to Dismiss Richards' due process claims is hereby GRANTED. Richards' federal due process claims are hereby DISMISSED WITH PREJUDICE. Further, because of the nature of the remaining state law causes of action, the Court declines to exercise its supplemental jurisdiction and those claims are hereby DISMISSED WITHOUT PREJUDICE so that Richards may pursue them in Texas state court.

The Court does not reach those portions of the City's Motion to Dismiss related to Richards' state law claims. A final judgement shall be entered contemporaneously with dismissing Richards' due process claims with prejudice and dismissing Richards' state law claims without prejudice. This case is now closed.

IT IS SO ORDERED.